(55 Misc. Rep. 484.)

In re McCABE et al.

(Surrogate's Court, Kings County. July, 1907.)

EXECUTORS AND ADMINISTRATORS—COLLECTION OF ASSETS—COMPROMISE.

Testator at his death was a member of a committee of a corporation dealing in real estate and of a syndicate formed to speculate in real estate. One of his executors was a trust company, certain of whose officers and directors were members of the same committee and syndicate. To settle the testator's interest in the first-mentioned corporation, which at the time of his death had about 700 pieces of real estate, was an expensive proceeding. *Held*, that permission to accept a proposed compromise of testator's interest in both corporations, approved by the individual executrix, and not opposed by the widow of testator, and apparently advantageous to the estate, will be granted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 387.]

Application of Mary H. McCabe and another, executors of George A. Domminey, for leave to compromise certain claims. Application granted.

T. E. Pilsworth, for petitioner.
Thomas H. Troy, special guardian.

CHURCH, S. The deceased was in his lifetime interested in a certain contract with a corporation known as the "Realty Associates," under which contract he was a member of the buying and selling committee of said corporation. The corporation was organized for the purpose of buying, selling, renting, and otherwise dealing in real estate. Their work was largely done by the buying and selling committee; and, under the provisions of the contract between that committee and the corporation, the compensation of the former was to be measured by a certain percentage on the profits of such transactions. It was further provided that, in the event of the death of any one of the members of such buying and selling committee, the amount due his estate was to be computed on the basis of the value of the property as of the death of such member. The deceased was also a member of a syndicate formed for the purpose of speculating in certain real property, known as the "Fourth Avenue Syndicate." In consequence of his death the question naturally arises as to the extent of the interest of his estate in these concerns.

The executor herein is the Title Guarantee & Trust Company. Certain prominent officials and directors of such company are interested as directors in the Realty Associates and as members of the buying

and selling committee of that corporation, and also are members of the Fourth Avenue Syndicate. In view of the fact that such company is named as executor in the will, in consequence of which these officials will necessarily be compelled, in adjusting the interests of the deceased with the Realty Associates and with the surviving members of the Fourth Avenue Syndicate, to be dealing in a measure with themselves, the Title Guarantee & Trust Company has, after negotiation with these two concerns as to the interest of the decedent's estate, and before closing on the basis determined during these negotiations, come into court and asked approval of its proposed terms of settlement. On account of the peculiar character of the transaction, a special guardian has been appointed; and, in addition, testimony has been taken at length upon the subject-matter of the contracts of the deceased and the rights of his estate therein, and also as to the details of the proposed settlement.

Under the terms of the settlement with the Realty Associates it is suggested that, as that corporation had at the time of decedent's death about 700 pieces of real property of various valuations, to endeavor to fix the interest of his estate therein would be a most cumbersome, expensive, and uncertain proceeding; and it is therefore proposed that, in place of such a method of computation, there be adopted that offered by an amendment to the standing orders, made since the death of the deceased, viz., that, if a member of the buying and selling committee die prior to April 30th in any year, his estate shall receive one-half of what he would have been entitled to in the annual distribution of profits for the three succeeding distributions. It is unnecessary to review at length the testimony or the reasons given in the report of the special guardian; but a careful examination of the entire subject satisfies me that the proposed settlement is an equitable and proper one, and more advantageous to the estate than if the parties had proceeded as provided by the terms of the original standing orders. The suggestion of the special guardian, that the amount of the settlement should be fixed and put into cash at the present time, would be practically requiring the parties to go through the original procedure or to endeavor to anticipate what the profits of each member of the corporation would be for the three succeeding years. The settlement proposed is made to avoid the uncertainty, the difficulty, and the expense of this proceeding, and is more beneficial to the estate.

As to the interest of the deceased in the Fourth Avenue Syndicate, it may be said that it is apparent that this was a speculative scheme pure and simple. The executor is no more justified in continuing to put money of the estate into a scheme which involves a speculation in the future value of real estate than he would be to put money into a syndicate which speculates in the future value of stocks; and, in view of the many legal complications which would naturally arise in the endeavor to determine the interest of the estate, the offer by which the estate could close out its interest in such speculation is not only better for the estate, but is strictly in accord with the duty of the executors.

In conclusion, it is to be noted that the individual executrix, who is in no way interested in these speculations, has approved of the proposed compromise, and that the widow of the deceased does not op-

pose it. Notwithstanding that, it appears that she has been urged by the officials of the Title Guarantee & Trust Company to retain counsel and inspect the matter fully so that she might understand the situation; and, if there was anything in the proposed settlement which was improper, either in fact or in law, to make objection thereto.

The prayer of the petitioner is therefore granted, and the terms of the proposed settlement approved.

Application granted.